JUDGE GARDEPHE

12 CV 6016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Index No. 2012 CV

------------------------------------------------------------------x

RENY CASTILLO,

VERIFIED
COMPLAINT

Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
NELSON VERGARA, 33RD PRECINCT AND
POLICE OFFICERS "JOHN DOES 1-10"

Defendants.

------------------------------------------------------------------x

AUG 6 2012

U.S.D.C. S.D.N.Y.
CASHIERS

## INTRODUCTORY STATEMENT

1.     This is an action for damages sustained by plaintiff RENY CASTILLO, (herein

after referred to as plaintiff CASTILLO, and/or plaintiff) against the CITY of NEW

YORK (hereinafter referred to as the CITY and/or defendant), the NEW YORK CITY

POLICE DEPARTMENT, (hereinafter referred to as NYPD and/or defendant), who

through its/their employees, agents and/or assigns unlawfully assaulted, detained,

arrested, prosecuted, harassed, falsely arrested, falsely imprisoned and maliciously

prosecuted plaintiff RENY CASTILLO for personal injuries suffered and arising from

the unlawful acts in that he was assaulted  and maliciously prosecuted by the defendants

POLICE OFFICER NELSON VERGARA-SHIELD NO. 30448 AND POLICE

OFFICERS "JOHN DOES 1-10" (hereinafter respectively referred to as "JOHN DOE" 1-

10) in that they assaulted the plaintiff, and against the CITY/NYPD, as the supervisory

body responsible for the conduct of the defendants and for its failure to take corrective

action with respect to police personnel for their failure to act, etc. whose vicious

propensities were notorious, to assure proper training and supervision of the personnel, or

to implement meaningful procedures to discourage lawless official conduct, same which

is/are sued as a "person" under Title 42 USC 1983; and the actions of the NYPD in continuing to prosecute a criminal cases against RENY CASTILLO; in failure to prosecute and/or investigate a case against said defendant police officers and POLICE OFFICER NELSON VERGARA AND POLICE OFFICERS "JOHN DOE" 1-10, and/or police officers and/or defendants who are the actual perpetrators, culprits, etc. and/or fail to remedy the severe penalties/ conditions issued against plaintiffs including the initial assault upon their person, detention and arrest of RENY CASTILLO even though there was no evidence to base a criminal prosecution and/or defendants blatant failure to investigate or prosecute and/or arrest the real perpetrators POLICE OFFICER NELSON VERGARA AND POLICE OFFICERS "JOHN DOE" 1-10; including but not limited to the fact that the NYPD, having done nothing meaningful to investigate the complaint of the plaintiff herein including to refer it to a proper investigative authority particularly in regard to the illegal arrests and the egregious assault upon plaintiff's person on 8/7/11 which resulted in severe physical injuries (e.g. RENY CASTILLO was so severely beaten his legal aid attorney ordered her investigator to take photos of plaintiff), mental and emotional distress to the plaintiff, plaintiff seeks recovery for physical injuries and for his aforesaid damages, attorney's fees, etc. against the City, the NYPD and the said police officers named for the malicious prosecution of the plaintiff and their negligence/malicious prosecution in prosecuting the defendant RENY CASTILLO and negligent failure to monitor their staff/personel/employees/officers.

2.      Through defendants' negligence and/or their negligent failure to act and/or as to the NYPD to take reasonable and prudent steps required since on or about 8/7/11 to train

supervise and monitor their police officers especially in regard to arrest procedures and/or the utilization of excessive force on civilians and/or suspects.

JURISDICTION

3.      This action arises under Sections 1981, 1983, 1985 and 1988 of Title 42 of the United States Code, and the First, Fourth, and Eighth Amendments to the Constitution of the United States, and under the Constitution of the State of New York and the laws of the State of New York and the case law arising thereunder in similar 1983 matters.

PARTIES

4.      At all times relevant to the allegations of this complaint, plaintiff CASTILLO is an individual residing at 2374 Amsterdam Avenue, Apt 3H, New York, NY 10033, which is in the Southern District of New York.

5.      That at all times hereinafter mentioned, the defendants, CITY and/or NYPD, was is/are and still is/are a domestic and public benefit corporations, organized and existing under and by virtue of the laws of the State of New York.  That NYPD is on information and belief owned, operated and/or subject to directives of the Defendant CITY.

6.      That at all times relevant to this complaint, or from 8/7/11 and thereafter, said defendants maintained and controlled in furtherance of its/their business by the said defendants, CITY and NYPD in the Borough of New York, New York City and State of New York; and was/were responsible for operating/controlling: jails, courts, police, police precincts, and/or their personal employees, and etc.

7.      At all times relevant, defendant NYPD employees, supervisory personnel and the like, specifically perpetrators POLICE OFFICER NELSON VERGARA Shield 30448, POLICE OFFICERS "JOHN DOE" 1-10 and/or other NYPD police officers, detectives,

supervisors and/or personnel at the precinct in question and/or to NYPD Internal Affairs Bureau including but not limited to supervisors, the officers, and/or staff, whose identities are presently unknown to plaintiffs and/or are on information and belief were NYPD personnel, staff, detectives and/or officers employed by the NYPD and/or by New York City Police Department, to perform duties in the City of New York and elsewhere. At all times relevant, defendants above-named, e.g. individual police officers/Nelson Vergara/John Doe 1 – 10 were acting in the capacity of agents, servants and employees of defendant City of New York and are sued individually and in their official capacity.

8.    At all times relevant, defendant NYPD was a municipal corporation(s) duly formed under the laws of New York State, and/or an agency, subdivision, department, etc. of the City of New York duly formed pursuant to law and/or is a domestic and public benefit corporation organized or existing under and by virtue of the laws of the state of New York and was the employer and supervisor of defendant NYPD supervisory staff and/or detectives and/or officers.   As such defendants NYPD and CITY was/were responsible for training, supervision and conduct by said defendants POLICE OFFICERS.   Said defendants were also responsible, under law, for enforcing the regulations of the NYPD and/or New York City Police Department and for ensuring that City of New York, NYPD, and/or supervisory staff, and personnel, as well as police officers in the employ of the NYPD obey the laws of the State of New York and of the United States and prosecute said laws.

9.    At all times relevant defendant NYPD was a municipal corporation or subdivision thereof duly formed under the laws of New York State and/or an agency, subdivision, department, etc. of the CITY OF NEW YORK duly formed pursuant to law and/or is a

domestic and public benefit corporation organized or existing under and by virtue of the laws of the State of New York, and was the employer and supervisor of defendant police officers.   As such, NYPD was responsible for training, supervision and conduct by defendants of its supervisory staff, personnel, officers, etc.  It was also responsible, under law, for enforcing the regulations of the New York City Police Department and for ensuring that City of New York police personnel obey the laws of the State of New York and of the United States and/or prosecute same.

10.     At all times relevant, defendant POLICE OFFICERS NELSON VERGARA AND POLICE OFFICERS "JOHN DOE" 1-10 are employees of the NYPD and on information and belief were in the employ of the NYPD and working and/or at the time of the said egregious unprovoked assaults and battery, illegal detention and/or arrest of the plaintiffs RENY CASTILLO. The names and addresses of the said other perpetrators e.g. POLICE OFFICERS "JOHN DOE" 1-10 as to name and addresses are unknown to plaintiff and his counsel. They are responsible, under law, for enforcing the regulations of the NYPD and the laws of the City and State of New York and for ensuring that their co-workers other NYPD personnel, City of New York personnel, etc. obey the laws of the State of New York and of the United States. At all times relevant hereto and in all their actions described herein, said defendant police officers, NYPD personnel, etc. were acting under color of law and pursuant to their authority as NYPD personnel.

FACTUAL ALLEGATIONS

11.     That NYPD is/are on information and belief owned, operated and/or subject to directives of the defendant CITY.

12.     That on or about 8/7/11 the plaintiff RENY CASTILLO was falsely

arrested/accused of being allegedly involved in an assault upon police officers and were

falsely charged by the New York County District Attorney's office and improperly filed a

criminal court complaint against RENY CASTILLO, Docket no. 2011NY058599

contains the following charges:

| | |
|---|---|
| PL 120.18 | Menacing a Police Officer or Peace Officer |
| PL 120.20 | Reckless Endangerment-2nd Degree |
| PL 265.01 | Criminal Possession Weapon-4th:Intent to Use |
| PL 205.30 | Resisting Arrest |
| PL 195.05 | Obstruct Governmental Administration-2nd Degree |

Some of said charges were reduced on 8/12/11 in court at arraignment. Said criminal

court complaint was based on the fraudulent complaints/accusations of the said police

officers and the NYPD.  At the time of his arrest and thereafter CASTILLO was

vindictively assaulted where excessive force was utilized and then he was illegally

detained and then falsely arrested and/or held/incarcerated, booked, processed, arraigned,

falsely imprisoned as per the request of the defendants' City, NYPD and/or their police

officers and personnel.  The plaintiff was further maliciously charged in the criminal case

where the police officers named herein prepared and specifically on Criminal Court of

the City of New York, Docket No. 2011NY058599, New York County on the above

noted charges; on information and belief commanding officers or other NYPD personnel

at the precinct made a decision to hold and charge the said Plaintiff CASTILLO.  Said

criminal complaint was filed on or about 8/8/11 at or about 11:55 a.m. That the initial

illegal and/or false arrest and/or false imprisonment of the Plaintiff on the aforementioned

negligently and fraudulently filed false charges was on or about 8/7/11 at or about 21:15

hours based on the egregious assault and battery, intentioned illegal detention and/or

arrests and subsequent arraignments of Plaintiff CASTILLO on criminal charges; and

then the malicious prosecution at the request of the NYPD personnel in Criminal Court, New York County at the behest and request of the defendant police officers and/or the NYPD's negligent supervision including the decision to arraign and prosecute the plaintiff CASTILLO on false criminal charges which ultimately resulted in his exoneration on or about 2/1/12 when the charges against RENY CASTILLO were dismissed and sealed.

13.    The Plaintiff CASTILLO, as a result of said intentional and/or negligent acts of defendants was assaulted without provocation and because CASTILLO was illegally detained, falsely accused, falsely arrested, imprisoned, and subjected to intolerable conditions and unacceptable behavior of those who held them in custody, other intentional and/or negligent acts of defendants and/or on the part of the defendants included but were not limited to lengthy and intolerable interrogations and being forcibly held and falsely imprisoned for approximately 2 days; and then was the subject of the malicious prosecution including the continuous adjournments of the criminal case of the plaintiff CASTILLO on criminal charges which increased legal fees for his defense.

14.    The Plaintiff suffered from the said acts of defendants and/or failure to act including physical injuries and mental and emotional distress. The plaintiff was publicly humiliated, physically assaulted and/or abused by the police and arresting officers; specifically POLICE OFFICER NELSON VERGARA and P.O. JOHN DOES 1-10 who all struck the plaintiff CASTILLO literally about his face and body! One or more police officers struck CASTILLO viciously about his head, face, and body causing noticeable marks and bruising and cuts while another police officer held him from behind and thereafter CASTILLO was thrown to the ground, picked up and shoved into the police

car even though he and many bystanders explained vehemently to the police officers that he was innocent of any wrongdoing and had not violated any law or ordinance and that the defendant police officers' actions were unwarranted and uncalled for! The police utilized "excessive force". This all occurred at or about 2374 Amsterdam Avenue in the City, County, and State of New York, which is in the Southern District of New York and was witnessed by dozens of bystanders who actually called 911 to describe the illegal unwarranted, unconscionable actions and behavior of the police officers towards CASTILLO. The plaintiff CASTILLO was physically injured by the police and required medical treatment thereafter. Thereafter the arresting officers continued to harass, annoy, and assault plaintiff on the way to and at the precinct until plaintiff was brought to Central Booking and then to Criminal Court for arraignment.

15.    The Plaintiff after the said egregious assault became ill and remained in an infirm state, having been assaulted. CASTILLO was otherwise physically abused while incarcerated and was not afforded adequate medical attention and/or treatment. Plaintiff CASTILLO was deprived of his liberty, and/or lost companionship of family and friends. Plaintiff CASTILLO now has a record of an arrest and this may interfere with his future life e.g. career, to find work. CASTILLO missed work from his job from the day of the arrest because of the said arrest and malicious prosecution.   Plaintiff was forced to incur legal and medical expenses and the like, etc., etc.  Specifically RENY CASTILLO, had to seek medical treatment from doctors and medical providers was seen and treated at a New York Hospital (where he was treated after his release) and saw various doctors and/or clinics.

16.    On information and belief the CITY (City of New York) and/or NYPD has

negligently failed to properly administer it's agencies and/or departments and the like in regard to the supervision and control over police officers who accuse and arrest citizens and directly effect those accused, detained, arrested, and/or incarcerated and in particular the Plaintiff CASTILLO.    The said negligence of the CITY and/or NYPD has contributed and/or is responsible for the incident that occurred the continued prosecution and mistreatment of the plaintiffs' injuries.

17.    On information and belief defendants, CITY and/or NYPD, negligently failed to train, supervise, or provide officers, personnel and/or superiors to supervise and/or control the administration of justice.  That as a result of the said negligence the plaintiffs suffered.

18.    The Plaintiff RENY CASTILLO was not only falsely arrested and accused by the NYPD but was incarcerated (held at the precinct and in the pens at central booking) as well; the plaintiff was severely beaten by the arresting officers and this beating on information and belief was witnessed by countless passersby when he was illegally arrested on the street. On information and belief, the City and/or NYPD negligently dismissed their requisite INTERNAL AFFAIRS investigation. That the NYPD INTERNAL AFFAIRS BUREAU is a division of the defendant NYPD and was aware of complaints made by plaintiff CASTILLO and his family and the general public of the unconscionable beating of the plaintiff CASTILLO and assault on the plaintiff. On information and belief defendants CITY/NYPD deliberately refused to produce their reports and/or their entire investigation in court on the case of CASTILLO, and/or conduct a thorough unbiased investigation and/or to render a fair report(s).

19.    That on information and belief the Defendants, NYPD it's police officers,

detectives, agents and the like, and/or the Defendant NYPD Internal Affairs had information, specifically 911 calls from cell phones and the like of the plaintiff's innocence and/or that he was aggressively assulted.  On information and belief said cell phone calls were recorded and gave recordings clearly spelled out accounts by unbiased eyewitnesses that the Plaintiffs CASTILLO was innocent and was not involved in the crimes that he was falsely charged with when they were egregiously and without provocation assaulted by the police and needlessly falsely arrested and imprisoned and maliciously prosecuted. The NYPD and/or NYPD Internal Affairs intentionally and/or negligently withheld information from the police, the court, the plaintiffs and his family and friends, and their defense attorneys that would have exonerated the Plaintiff and/or should have resulted in his immediate release and dismissal of the respective criminal case against CASTILLO.

20.    That on information and belief the NYPD and individual Police Officers and/or NYPD INTERNAL AFFAIRS BUREAU did everything possible to prevent this Plaintiff CASTILLO from being released and/or that the charges be dropped against him, despite possessing the information and/or the said evidence that exonerated him and established he was innocent.

21.    That on information and belief the Defendants N.Y.P.D, individual police officers and/or NYPD INTERNAL AFFAIRS BUREAU intentionally did the aforementioned acts to keep the Plaintiff CASTILLO under threat of criminal charges and facing jail, so that the Plaintiff CASTILLO could not defend himself on the criminal case and either plead to a lesser charge and/or not sue the CITY and/or the NYPD and co-defendants police officers.

22.    That the Plaintiff CASTILLO was initially held as a prisoner against his will in a detention cell/jail for approximately 2 days and was effectively prevented from enjoying the freedom and companionship of friends and family. The plaintiff was severely injured and needed medical attention and still suffers from the injuries that he sustained because of the beatings he received from the police officers. Plaintiff was traumatized emotionally and physically and emotionally injured. The plaintiff CASTILLO had a swollen lip, abrasions, contusions, and wounds all about his head, face, and body. Claimant CASTILLO was deliberately punched and/or struck by the police officers about his head, face, and body by one or more police officers even though he had committed no crime. He was so badly injured that his Legal Aid Society attorney had her investigator take photos of his face it was so badlybeaten and bruised! That many eyewitnesses called on their cell phones to 911 to complain about the police violence against the plaintiffs. Almost immediately upon his release CASTILLO was examined by physicians who confirmed his physical injuries.

23.    That on information and belief the NYPD, soon after the arrest of the Plaintiff CASTILLO and/or the events that the Plaintiff CASTILLO was arrested for became aware that a video tape from a nearby store was available and realized plaintiff and/or his attorneys could have proof or evidence and/or information that the Plaintiff were innocent and/or that there were eyewitness accounts exonerating the plaintiff and that CASTILLO were not involved in the crimes alleged other that the fact that they were present at the location at the time, that NYPD on information and belief seized the tape and/or destroyed it.

24.    That on information and belief, the defendants deliberately opposed plaintiffs'

counsel's application to subpoena records before the Criminal Court of the City of New York, New York County but asked to adjourn CASTILLO'S criminal matters and in effect keep his criminal cases on the court docket under criminal charges, despite the knowledge that CASTILLO was innocent.

25.    On information and belief the actions of the police were intentionally done to harass and annoy and interfere with the plaintiff CASTILLO and his attorney's defense of the criminal case to convince him to plead guilty to a lesser charge(s) and to cover up the illegal police conduct. Said actions were unconscionable and violated the plaintiff CASTILLO'S constitutional rights of due process, right to counsel and fair trial under the United States and New York State Constitutions. Just as the egregious assault(s) on the plaintiffs' without provocation and then their illegal detention, initial false arrests, and the interrogations of the defendants and subsequent false imprisonment and malicious prosecution violated their constitutional rights under the New York State and Federal Constitutions including but not limited to their right to due process of the law.

26.    The said defendants are liable for the intentional torts denoted in this complaint; their negligence for false arrest, assaulted and battery, false imprisonment, intentional infliction of mental distress and for prima facie tort, in that there was the deliberate withholding of evidence and/or deliberate failure to investigate, falsification of criminal charges and on information and belief the destruction of evidence that could have exonerated plaintiff and/or that the said defendants are liable for their negligence and/or were negligent for their said actions and/or failure to act and/or are liable for negligence, fraud, false arrest, assualt and battery false imprisonment, malicious prosecution and all other claims denoted in the initial notice of claim that is incorporated in the instant

complaint.

27.    That said false arrest, false imprisonment and malicious prosecution of the Plaintiff was void on its face and/or became obvious when the evidence was obtained by defendants (e.g. Internal Affairs Bureau and/or police/ District Attorney New York County), exonerating the plaintiff.

28.    That on information and belief the defendants fraudulently and/or knowingly withheld from the Plaintiff CASTILLO and his family and/or his attorney; the court, and District Attorney's office of New York County, any and all information in their possession that would have exonerated the plaintiff CASTILLO and would have resulted in the prompt dismissal of the criminal charges and reinstatement of his rights; that the said knowing and fraudulent actions by the defendants in the continued fraudulent (filling a false criminal complaint) false and illegal and malicious prosecution of the Plaintiff CASTILLO contributed to and/or resulted in the physical, mental, and emotional distress that the plaintiff endured due to the said acts of the defendants and/or other acts noted herein, same establishes defendants liability for fraud.

29.    That the foregoing acts of the defendants negatively effected the reputation of the Plaintiffs and caused him emotional disturbance and distress.

30.    That plaintiff CASTILLO was beaten by the police and then incarcerated for almost two days and has been under physician's care since the incident he suffered abrasions and contusions and the accompanying loss of self esteem and confidence since he was suspended from his job.

31.    That plaintiffs were held in custody in the detention cells of the police station; and then held in the detention cells and/or a jail(s) maintained by the defendant(s) CITY,

NYPD, e.g. Dept. Of Corrections and/or detention facilities maintained by the City.

32.    That as a result of the foregoing acts of the defendants the Plaintiff CASTILLO

was compelled to retain counsel and/or expend monies for his defense/ representation/

and/or attempts to secure the release of Plaintiff and etc., and will continue to be

obligated for legal expenses in the future.  Plaintiff retained Stuart R. Shaw to represent

CASTILLO in his criminal defense.

33.    That a notice of claim and/or notice of intention to sue was duly served upon the

defendants within 90 days after the said cause of action of the plaintiff "accrued". The

Notice of Claim reads as follows:

> "PLEASE TAKE NOTICE that the undersigned claimant(s) hereby
> make(s) claim and demand against THE CITY OF NEW YORK, NEW
> YORK CITY POLICE DEPARTMENT, POLICE OFFICER NELSON
> VERGARA, 33RD PRECINCT AND POLICE OFFICERS "JOHN DOES
> 1-10" as follows:
> 1.    The name and address of each claimant and claimant attorney is:
>
> RENY CASTILLO
> 2374 Amsterdam Avenue, Apt. 3H,
> New York, NY 10033
>
> STUART R. SHAW, ESQ.
> 30 West 95th Street, 1st Fl
> New York, N. Y. 10025
> (212) 661-6750
>
> 2.    The nature of the claim: The claimant RENY CASTILLO,
> hereinafter referred to as CASTILLO or CLAIMANT or ARRESTED
> PERSON, was falsely detained, arrested, accused and maliciously
> prosecuted of being involved in crime(s), etc. etc. by the New York City
> Police Dept. hereinafter referred to as NYPD and on information and
> belief the District Attorney of New York County. Specifically police
> officers of the 33rd Precinct, New York County including but not limited
> to POLICE OFFICER NELSON VERGARA Shield no. 30448, 33rd
> Precinct and/or other police officers or detectives of the NYPD on or
> about 8/7/11 at or about 2115 hours (9:15 p.m.) at or about 2374
> Amsterdam Avenue, New York, NY. Said NYPD officers illegally
> detained, falsely arrested or accused the said claimant. That the initial

illegal detention, false arrest and false imprisonment of the ARRESTED PERSONS/Claimant CASTILLO and CASTILLO on the aforementioned false charges was on or about 8/7/11; that the ARRESTED PERSON/Claimant CASTILLO was falsely arrested, accused, imprisoned, and subjected to intolerable conditions and unacceptable behavior on the part of the defendants including but not limited to a vicious unprovoked humiliating physical assault upon the claimant' persons where the said police officers/ detectives literally and for no just reason smashed the claimant's head and rained blows across the face of CASTILLO and caused abrasions, contusions and lacerations and a permanent scar in several places and then beat him unmercifully including raining blows all about his body causing abrasions and contusions and the like and thereafter without properly giving Miranda warnings subjected him to lengthy and intolerable interrogations, being humiliated, booked, fingerprinted, photographed, put in a cell, not permitted to consult with an attorney, not provided his MIRANDA rights, warnings, etc.; that he was not given medical attention. That he remained in said incarcerated condition until approximately 8/9/11 when he was finally arraigned having been held under intolerable conditions at a precinct and not brought down to 100 Centre Street until literally hours before he was released on his own recognizance and given a court date with the bogus criminal charges brought against him still existant.  Those charges being:

These charges against the said claimant as quoted from the Criminal Complaint 2011 NY 058599 and discharge papers sent by New York State wherein claimant was discharged as a driver and in effect lost a job and has been out of work since the illegal arrest.

3.      Claimant RENY CASTILLO the ARRESTED PERSON on or about 8/7/11was physically assaulted by three or more NYPD police officers. The other officers will be named as JOHN DOES 1-10. CASTILLO was actually struck in his face when all he was doing was staying on the street. The claimant was forcibly removed on information and belief to the 33rd Precinct. CASTILLO was not brought to 100 Centre Street for arraignment until approx. 24 hours after his arrest. The claimant CASTILLO was also not arraigned within 24 hours.

Claimant sought medical attention after his release and will have to continuously seek medical attention for his permanent injuries and other injuries that he suffered.

4.      At approximately 9:15 PM on 8/7/11 the said police officers without provocation beat and cuffed the claimant and later took CASTILLO to the precinct to a cell where he was placed in custody against his will. CASTILLO was thoroughly searched everywhere about his body and photographs were taken again and he was not taken for a medical treatment despite the fact he was beaten severely. He was placed in a holding cell that was filthy and dirty and stunk of urine and feces and he was kept there for awhile and then was cuffed again and police took him to be arraigned before a judge at 100 Centre Street. Photographs were

taken of his injuries but he was not taken to a hospital despite the fact that family and/or friends came to the precinct and requested that he receive medical attention. CASTILLO must defend criminal actions and CASTILLO has retained Stuart R. Shaw, Esq. to represent him and will and has incurred legal fees and expenses. Claimant has sought legal counsel and is responsible for legal fees and disbursements.

5.      *The Claimant CASTILLO not only was illegally detained, but was falsely arrested and accused by the N.Y.P.D. He was incorrectly accused when he was arrested as having been involved in the aforementioned alleged crimes

PL 120.18      Menacing a Police Officer or Peace Officer
PL 120.20      Reckless Endangerment-2nd Degree
PL 265.01      Criminal Possession Weapon-4th:Intent to Use
PL 205.30      Resisting Arrest
PL 195.05      Obstruct Governmental Administration-2nd Degree

The claimant RENY CASTILLO was incorrectly/negligently charged and maliciously prosecuted by the NEW YORK COUNTY District Attorney and/or the N.Y.C.P.D. and was negligently incarcerated, before he appeared in the court on the said Criminal Court case. The aforementioned negligent actions of the N.Y.C.P.D. and NEW YORK COUNTY District Attorney as evidenced by said negligent incorrect accusations against this Claimant CASTILLO has caused serious repercussions and damaged the Claimant. For instance the Claimant CASTILLO was separated from his family, friends and etc. and the fact that he was incarcerated made it difficult for his family and their attorney Stuart R. Shaw to locate him in the Criminal Justice system including why and where he was incarcerated.

6.      That on information and belief the Defendant N. Y. P. D. its police officers, detectives, agents and the like, and/or the Defendant District Attorneys office had information that this Claimant CASTILLO was innocent and not involved in the crimes that he was alleged to have committed, but intentionally withheld information from. The claimant RENY CASTILLO and/or his attorney and family from the onset which should have resulted in his immediate release and/or to cover up the fact that him had assaulted and beaten a defenseless man, MR. CASTILLO, without provocation or reason. That on information and belief the Police and/or District Attorneys office did everything possible to prevent this Claimant CASTILLO from being released and/or timely released and/or that the charges be immediately dropped against him; that on information and belief the Defendants N.Y.P.D and/or District Attorney intentionally did the aforementioned acts to keep the Claimant CASTILLO "on ice"; that the Claimant CASTILLO was held as a prisoner against his will on 8/7/11 until his release and was prevented from being with his respective family from the time of his illegal detention and false arrest and incarceration.

7.      That the Claimant CASTILLO was negligently held by the defendants in spite of the fact that the Claimant CASTILLO was innocent.

That Claimant CASTILLO was not a perpetrator of any crime. This all caused claimant severe physical and mental and emotional distress, etc. etc. Personal belongings were lost and/or damaged and otherwise affected by the unreasonable search by the police that resulted in them finding no contraband or evidence to support their allegations against CASTILLO. This was not a consent detention, search, arrest or incarceration

   8.   The time when, the place where and the manner in which the claim arose: see

above- 8/7/11, at or about 2374 Amsterdam Avenue, New York, NY, 9:15 PM thereafter at the 33rd Precinct, New York, New York Claimant CASTILLO was illegally detained, falsely arrested without an arrest or search warrant

   9.   The items of damage or injuries claimed are one million ($1,000,000.00) dollars for each claimant on each legal cause of action see above numbers 1, 2 & 3:

            1.      Negligence
            2.      False arrest
            3.      False Imprisonment
            4.      Intentional infliction of mental distress
            5.      Prima facie tort
            6.      Fraud
            7.      Abuse of Process
            8.      Filing a false complaint and/or attempt and/or conspire to file false complaint, commit said illegal act
            9.      Malicious Prosecution
            10.     Assault and Battery
            11.     Punitive Damages
            12.     Compensatory Damages

10.   The Claimant(s) suffered physical injuries and mental and emotional distress, the Claimant CASTILLO was physically, assaulted and/or abused by the arresting officers. The Claimant CASTILLO became ill while incarcerated and was not afforded adequate medical attention and/or treatment. Claimant CASTILLO was deprived of his liberty, the ability to earn a living and suffered lost earnings, deprived and/or lost companionship of family and friends. Claimant CASTILLO now on information and belief has a record of an arrest, and this may interfere with any subsequent application for jobs etc, the claimant was forced to incur legal and medical expenses and the like etc., etc.  Claimant suffered physical injuries and mental and emotional distress etc.

11.   AMOUNT CLAIMED: One Million ($1,000,000.00) dollars for claimant against each defendant individually for each cause of action in negligence, false arrest, false imprisonment, fraud, intentional infliction of mental distress, prima facie tort, abuse of process, filing a false complaint, malicious prosecution, assault and battery, and etc. in favor of claimant against each individual defendant and for Punitive Damages

$1,000,000.00 against each Defendant in favor of claimant, and for Compensatory Damages $1,000,000.00 against each Defendant in favor of claimant.
TOTAL AMOUNT CLAIMED: $ 36,000,000.00."

34.    That more than thirty days have elapsed since the service of the said notice of claim and/or notice of intention to sue upon defendant.

35.    That the defendants and its comptroller and/or counsel have failed, neglected and refused to pay, settle, compromise or adjust the claim of the plaintiff herein.

36.    That this action has been commenced within one year and ninety days after the cause of action of plaintiff accrued 8/7/11; notice of claim was served personally and by certified mail # 70092820000373790799, the CITY acknowledged receipt and issued claim no. 2011P1037353. The plaintiff will purchase the summons on or about 8/6/12 and will serve all of the defendants.

37.    The defendants never conducted a complete 50H deposition of plaintiffs through their own negligence and/or recalcitrance.

38.    That at all times relevant to this complaint, or from on or about 8/7/11 and thereafter, said defendants maintained and controlled in furtherance of its/ their business by the said defendants, CITY and NYPD and/or NYPD in New York County, City and State of New York and was/were responsible for operating/ controlling: precincts, precinct districts, high precincts, prosecution of Criminal court cases, jails, courts, police, police precincts, Internal Affairs Bureau, and/or their personal employees, and etc. etc..

39.    As a result of his treatment at the hands of the defendants' (in particular the NYPD and POLICE OFFICER NELSON VERGARA AND POLICE OFFICER "JOHN DOE 1-10") plaintiff RENY CASTILLO suffered physical and mental injury, pain, humiliation and emotional distress, in addition to loss of liberty and self esteem.

40.    Upon information and belief, the abuse to which the plaintiff was subjected was consistent with an institutionalized practice of the NYPD of the City of New York, which was known to and ratified by defendant City of New York, said defendants having at no time taken any effective action to prevent NYPD and/or police personnel from continuing to engage in such misconduct e.g. that police officers utilized excessive force in making arrest and/or taking people in custody especially in regard to so called/ alleged "quality of life" offenses and/or minor offenses and not crimes under the Penal law.

41.    Upon information and belief, defendants City of New York and/or NYPD and/or NYPD had prior notice of the propensities of defendant NYPD personnel and/or police officers and/or lack of training, but took no steps to train them, correct their abuse of authority or to discourage their unlawful use of authority. The failure to properly train said defendants included lack of instruction as to the proper procedure to protect citizens and avoid excessive force when taking them into custody for any alleged crimes, violations or minor infraction  and in particular the NYPD procedures for making arrests for so called alleged "quality of life" offenses with complete and utter disregard of citizens, constitutional rights under the Federal and New York State Constitution. who were threatened and/or assaulted by criminals.

42.    Upon information and belief, defendants City of New York and/or NYPD and NYPD authorized, tolerated as institutionalized practices, and ratified the misconduct herein before detailed by: (a) failing to properly discipline, restrict and control NYPD and/or NYPD employees, supervisors, and supervisory staff of police officers including those posted for patrol  (b) failing to take adequate precautions in the hiring, promotion and retention of NYPD and/or police personnel, including specifically defendant NYPD

supervisors noted herein and/or police officers stationed at the precinct; (c) failing to forward to the office of the District Attorney of New York County evidence of criminal acts committed by the defendant police officers and/or detectives and withholding and/or destroying evidence and/or failure to adequately investigate claims by Internal Affairs; and (d) failing to establish and/or assure the functioning of a meaningful departmental system for dealing with complaints of NYPD supervisors or employees and/or police misconduct, and/or negligent failure to act to secure the safety of a citizen and to prevent further violence to that citizen but instead responding to such valid complaints of the plaintiffs, supported by others (e.g. 911 calls) and official denials calculated to mislead the public and actions taken to denigrate and punish the innocent citizen. Failure to adequately educate, train, supervise and/or correct procedures utilized by the NYPD. who fastidiously took every step humanly possible to try to help. This conduct also constitutes negligence and/or gross negligence under state law.

45.    As set forth in the notice of claim, RENY CASTILLO suffered injuries which resulted from the negligence and/or other tortious acts and carelessness of the agents, employees, servants and/or police officers of the NYPD. Plaintiff has been treated at a hospital for injuries from the said unprovoked assault by the NYPD officers and their unnecessary utilization of "excessive force."

46.    Plaintiff was examined at a New York Hospital. The plaintiff's condition has failed to improve and the plaintiff was eventually examined by several different doctors- over this period of time tests have been conducted to ascertain the full extent of the plaintiff's injuries and to determine the proper treatment.

47.    The incident which gave rise to plaintiffs' claim occurred on 8/7/11 & 8/8/11.

FEDERAL CAUSES OF ACTION

48.     Each and every allegation set forth in Paragraphs "1" through "47" is incorporated herein by reference.

49.     The above described actions and omissions, engaged in under color of state authority by defendants, including defendants City, NYPD, etc. responsible because of its authorization, condonation and ratification thereof for the acts of its agents, deprived plaintiff of rights secured to his by the Constitution of the United States, including, but not limited to, his Fourth Amendment right to be free from false arrest and imprisonment and the right to be free from unjustified and excessive force utilized by police, and his Eighth Amendment right to be free from cruel and unusual punishment and fourteenth amendment right to due process and equal protection under the laws.

PENDING CAUSES OF ACTION

50.     Each and every allegation set forth in Paragraphs "1" through "49" is incorporated herein by references.

51.     Plaintiffs filed a written Notice of Claim with defendant City of New York within 90 days after plaintiffs' claim arose, demanding adjustment and payment, as mandated by Section 50(e) of the General Municipal Law of the State of New York.

52.     More than 30 days have elapsed since service of such Notice of Claim and adjustment or payment thereof has been neglected or refused.

53.     This action has been commenced within one year after the termination of criminal proceedings against plaintiff pursuant to Section 215(8) of the New York CPLR and/or within one year and 90 days of the date of the incidents alleged in instant complaint (arrest 8/7/11 subsequent prosecution in the Criminal Court of the City of New York,

New York County on Docket No. 2011NY058599 dismissed on or about 2/1/12) and/or

within one year and 90 days of the date of the incidents alleged in the complaint on

8/7/11 and thereafter respectively  pursuant to Section 50 of the General Municipal Law

of the City and State of New York.

54.    The acts and conduct herein before alleged constitute negligence, assault and

battery, false arrest and imprisonment, malicious prosecution, defamation, prima facie

tort, and intentional infliction of emotional distress and the deliberate withholding of

and/or destruction of relevant evidence specifically video tapes and/or 911 calls and/or

Internal Affairs memos and the like of the occurrence, fraud,  under the laws of the State

of New York.

1. Negligence
2. False arrest
3. False Imprisonment
4. Intentional infliction of mental
distress
5. Prima facie tort
6. Fraud
7. Abuse of Process
8. Filing a false complaint and/or attempt and/or conspire
to file false complaint, commit said illegal act
9. Malicious Prosecution
10. Assault and Battery (Excessive Force)

55.    That by reason of the aforesaid occurrence, and defendants' negligence

and the injuries which RENY CASTILLO sustained thereby the plaintiff and was

made sick, sore, and disabled and were caused to suffer grievous pain and agony

and mental anguish from the time of the incident 8/7/11 until the present and

endured and continued to endure conscious pain and suffering, which resulted

from said injuries sustained as aforesaid, all to their damage in the sum of One

Million ($1,000,000.00) Dollars each individually against each of the individual

defendants.

56.    This Court has pendent jurisdiction to hear and adjudicate those claims.

<u>ATTORNEYS' FEES</u>

57.    Plaintiffs are entitled to an award of attorneys' fees, pursuant to 42 U.S.C. 1988 (b); 42 U.S.C. 1983.

**WHEREFORE**, plaintiff demands the following relief, jointly and severally, against all the defendants: One million ($1,000,000.00) dollars against each defendant in negligence for false arrest, false imprisonment, assault, fraud, intentional infliction of mental distress, prima facie tort, abuse of process, filing a false complaint, malicious prosecution , etc. in favor of the individual claimant/plaintiff against each individual defendant; Punitive Damages $1,000,000.00 against each Defendant, Compensatory Damages $1,000,000.00 against each Defendant.

1. Negligence
2. False arrest
3. False Imprisonment
4. Intentional infliction of mental distress
5. Prima facie tort
6. Fraud
7. Abuse of Process
8. Filing a false complaint and/or attempt and/or conspiring to file a false complaint
9. Malicious Prosecution
10. Assault and Battery (excessive force)
11. Punitive Damages
12. Compensatory Damages

TOTAL AMOUNT CLAIMED: $26,000,000.00

A.    Tort Claims, one million ($1,000,000.00) dollars each against each defendant or million ($26,000,000.00) dollars.
B.    Compensatory damages in the amount of One Million ($1,000,000.00) Dollars against each defendant;

C.    Punitive damages in the amount of One Million Dollars against each defendant;

D.    Attorneys' fees pursuant to 42 U.S.C. 1988(b); 42 U.S.C. 1983; and

E.    For such other and further relief as to the Court deems just and proper.

DATED:    New York, New York
          July 25, 2012

                                        Law Office of Stuart R. Shaw,

                              By:    _____
                                        Attorney for Plaintiff
                                        30 West 95th Street, 1st Fl
                                        New York, NY 10025
                                        (212) 661-6750
                                        (212) 661-6594 FX


To:    Corporation Counsel of the City of New York,
Attorney for Defendants
100 Church Street, 4th Floor,
New York, N. Y. 10007

Comptroller of the
City of New York
C/O Corporation Counsel of the City of New York
100 Church Street, 4th Floor
New York, N. Y. 10007

New York City Police Department
One Police Plaza
New York, N. Y. 10038-1497

POLICE OFFICER NELSON VERGARA-SHIELD NO. 30448
POLICE OFFICERS "JOHN DOES 1-10
33rd Precinct
2207 Amsterdam Ave., New York, NY, 10032
and/or c/o New York City Police Department, Legal Bureau
One Police Plaza
New York, N. Y. 10038-1497

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Dkt. No. 2012 CV
(        ) (        )

RENY CASTILLO,

VERIFIED
COMPLAINT

Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
NELSON VERGARA, 33RD PRECINCT AND
POLICE OFFICERS "JOHN DOES 1-10"

Defendant.

---

### SUMMONS AND COMPLAINT

**STUART R. SHAW**
*Attorney for Plaintiffs*
**30 West 95th Street, 1st Fl**
**New York, NY 10025**
**(212) 661-6750**

---

*To:*
*Attorney(s) For:*

---

*Service of a copy of the within*                                    *is hereby admitted.*
*Dated: 8/6/12*

_____
*Attorney(s) for Plaintiffs*

---

*Please Take Notice*

☐            *that the within is a (certified) true copy of a*                    *entered in*
Notice       *the office of the clerk of the within named Court on*
19
of Entry

             *that an Order of which the within is a true copy will be presented for settlement to*
Notice of    *the Hon.*                          *one of the judges of the within named Court,*
at
Settlement   *on*                *19, at*              *M.*
Dated: